**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**RONALD W. CHAPMAN** **PETITIONER**

**v.** **CIVIL ACTION NO. 4:26-CV-584-JHM**

**UNITED STATES OF AMERICA** **RESPONDENT**

# MEMORANDUM OPINION

Petitioner Ronald W. Chapman filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the filing fee. The petition is before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] Under Rule 4, if the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will summarily dismiss the § 2241 petition without prejudice.

## I.

Petitioner is a federal inmate who is currently housed at the Henderson County Detention Center. Previously, he was confined at a Bureau of Prisons (BOP) community-based placement facility in Evansville, Indiana until March 4, 2026, when he was removed pursuant to a "High Severity, 200-series prohibited act." Petitioner states that he did not receive the incident report of the disciplinary violation until five days later, on March 9, 2026. He continues, "[o]n March 12, 2026, a Center Discipline Committee [CDC] . . . found me guilty or otherwise referred the 200-series matter for [Discipline Hearing Officer] DHO disposition," and states that the matter was forwarded to Residential Reentry Management (RRM) officials in Milan, Michigan. Petitioner

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Habeas Rules.

claims that he did not receive a copy of the CDC written finding or disposition, and that no DHO hearing has been conducted, no sanction has been imposed, and no final disposition has been served on him to date. Despite his attempts to contact the RRM services office, he has not received notice of a hearing date, a disciplinary violation disposition, or a pre-release plan.

Petitioner states that he believes that the “unresolved disciplinary referral appears to be obstructing or delaying [his] prerelease planning,” such that he does not know whether he will be released to another community-based placement, residential re-entry center, or home confinement.

Petitioner requests immediate relief because he has a projected release date of October 3, 2026. Specifically, he seeks: (1) an expedited response from BOP/RRM officials identifying the official presently responsible for his disciplinary packet and prerelease review; (2) production of the March 2026 incident report, investigation materials, the CDC decision and referral, notice-of-rights forms, DHO status entries, a completed report or sanction pertaining to the disciplinary violation, and approval of an extension or continuance in connection therewith; (3) a prompt DHO hearing or written notice that the referral has been dismissed, expunged, returned, or otherwise resolved; (4) to “[p]rohibit officials, pending final disposition, from inaccurately describing the unresolved charge as a final DHO adjudication or final sanction;” (5) a prompt, individualized pre-release custody and release plan review, including investigation and consideration of the proposed release residence; and (6) written identification of “any impediment to RRC, home confinement, or other prerelease placement and the steps, if any, necessary to cure it, without directing BOP to reach a predetermined discretionary placement result.”

## II.

The Court interprets the petition as alleging that Petitioner's disciplinary proceeding occurred without notice to Petitioner of the DHO hearing, an opportunity to appear before the DHO, or a written report of the DHO's decision. *See* 28 C.F.R. §§ 541.8(c), (e), (h). Petitioner further appears to suggest that the ongoing or unresolved disciplinary proceedings are delaying his pre-release planning, which, in turn, may affect his release to another community-based placement, residential re-entry center, or home confinement. Petitioner has not made the assertion, however, that the projected BOP release date of October 3, 2026, is jeopardized as a result of the disciplinary proceedings.[2]

Before a federal prisoner may seek habeas relief under § 2241, he must first exhaust administrative remedies within the BOP. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231-32 (6th Cir. 2006); *see also Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citation and quotations omitted) (emphasis removed).

Petitioner concedes that he did not exhaust his administrative remedies but argues that he should be excused from doing so because "the agency's prolonged inaction and the rapidly expiring prerelease window make ordinary exhaustion unavailable or incapable of providing

---

[2] Plaintiff has also filed a motion for preliminary injunction (DN 3), which re-states the allegations contained in the petition. Because the petition will be summarily dismissed, his request for immediate injunctive relief will be denied as moot. *See Harrelson v. USA*, No. CV 24-78-DLB, 2024 WL 3997809, at *2 (E.D. Ky. Aug. 29, 2024).

timely relief." Alternatively, he requests that the Court "hold the matter briefly while I complete any specific remedy the government identifies as actually available."

Courts have declined to waive the exhaustion requirement in the circumstances Petitioner describes. *See, e.g.*, *DeLeo v. Paul*, No. CV 5:23-241-KKC, 2023 WL 5945868, at *2 (E.D. Ky. Aug. 22, 2023) ("This Court and others have rejected the notion that already-passed or impending release, at least according to the petitioner's calculations, is sufficient to deem exhaustion futile.") (collecting cases); *see also Pullen v. Healy*, No. 4:25 CV 611, 2025 WL 1869690, at *1 (N.D. Ohio June 25, 2025) (finding that Petitioner's proffered argument that exhaustion would be futile because "the Administrative Remedy process will take longer than [his] correctly calculated release date" did not demonstrate exceptional circumstances sufficient to excuse the exhaustion requirement and dismissing the petition without prejudice to re-filing following "complete exhaustion of administrative remedies"). Additionally, "[a] prisoner's subjective belief that a procedure is ineffective or futile is not enough to excuse exhaustion." *Gratton v. United States*, No. 22-10429, 2022 WL 3130219, at *2 (E.D. Mich. Aug. 4, 2022) (rejecting petitioner's assertion that "delays in the [administrative] process" warranted excusal of exhaustion requirement).

While exhaustion of administrative remedies is an affirmative defense that a prisoner is not required to specially plead or demonstrate in his complaint, "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (citations omitted).

Because it is evident from the face of Petitioner's § 2241 petition that it was filed without exhaustion of available administrative remedies, his petition will be dismissed without prejudice.

*See, e.g.*, *Graham v. Snyder*, 68 F. App'x 589 (6th Cir. 2003) (affirming district court's *sua sponte* dismissal without prejudice of a § 2241 petition for failure to exhaust administrative remedies). Petitioner may file a new action upon full exhaustion of his administrative remedies.[3]

**III.**

No certificate of appealability is required to appeal the denial of a § 2241 petition challenging federal custody. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that 28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

The Court will enter an Order consistent with this Memorandum Opinion.

Date: September 24, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
4414.015

[3] Petitioner filed the instant § 2241 petition on his own paper using his criminal case caption. Should Petitioner choose to re-file, he must submit a new § 2241 petition on the Court-approved form, naming the appropriate Respondent and clearly specifying his grounds for relief with the facts supporting each ground. *See* Habeas Rule 2.